IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HERNANDEZ,
FDOC Inmate No. M27195,
    Plaintiff,

vs.                                      Case No.: 3:20cv3650/MCR/EMT

MARK S. INCH,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff William Hernandez, an inmate of Santa Rosa Correctional Institution, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter is before the court on Plaintiff's motion for "Temporary Restraining Order and[/]or Preliminary Injunctive Relief" (ECF No. 13). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons set forth below, the court recommends that Plaintiff's motion for injunctive relief be denied.

Granting or denying a temporary restraining order or preliminary injunction rests within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States*

*v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).  Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of the relief would serve the public interest.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal marks omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Here, Plaintiff's motion appears wholly unrelated to the matters set forth in his complaint.  Indeed, Plaintiff's complaint is based on two separate instances that occurred on July 27,

2018, and September 27, 2019, in which Plaintiff claims to have been subjected to excessive force and denied medical treatment. The instant motion, however, appears to pertain to a third—and entirely separate—incident in which Plaintiff claims he was denied medical care following a March 26, 2020, injury to his toe. Plaintiff also seems to complain about a lack of protection and the conditions of his confinement—specifically, being "kept in a cell . . . with feces all over" and receiving only "one management meal a day in the past five days" and "4 meals by security" (ECF No. 13 at 2). Plaintiff requests access to audio/video recordings of a certain area of the prison during certain dates and to be removed from state custody and placed in federal custody under protective management, where Plaintiff believes he will receive more adequate medical treatment. Plaintiff's motion is due to be denied on the basis that it is unrelated to the matters set forth in the complaint.

The motion is also due to be denied for the additional reason that Plaintiff has failed to establish the four prerequisites for injunctive relief. With regard to the first element, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims. Indeed, Plaintiff has not alleged facts from which one could reasonably conclude the Defendants were deliberately indifferent to a serious medical need or that he was subject to conditions of confinement rising to the level of a constitutional violation. He also seeks relief this court cannot grant—i.e., removal from state custody. In addition, Plaintiff has wholly failed to allege facts

from which one could reasonably conclude he will suffer imminent and irreparable injury absent issuance of a preliminary injunction. *See Siegel v. LePore*, 234 F.3d 1162, 1176–77 (11th Cir. 2000) (emphasizing "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury") (emphasis in original). And the issuance of the requested injunction would impact jail operations, tipping the third factor in Defendant's favor. *See, e.g., Procunier v. Martinez*, 416 U.S. 396, 405 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989) ("[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities."). Finally, Plaintiff has failed to allege, much less demonstrate, that entry of the requested relief would serve the public interest.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for "Temporary Restraining Order and[/]or Preliminary Injunctive Relief" (ECF No. 13) be **DENIED**.

At Pensacola, Florida, this 26th day of May 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**