UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HERNANDEZ,
FDOC Inmate No. M27195,
     Plaintiff,

vs.                              Case No.: 3:20cv3650/MCR/EMT

MARK S. INCH,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Hernandez, an inmate proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on Plaintiff's "Protective Order Civil Right [sic] Complaint" (ECF No. 55), which the undersigned construes as a motion for a temporary restraining order. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons set forth below, the undersigned recommends Plaintiff's motion be denied.

As the court previously advised Plaintiff (*see* ECF No. 18), granting or denying a temporary restraining order or preliminary injunction rests within the

discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal marks omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at

471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *In re: Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842–43 (11th Cir. 1995) (denying motion for TRO against non-party for lack of subject matter jurisdiction).

Here, Plaintiff's motion appears wholly unrelated to the matters set forth in his second amended complaint (ECF No. 39), which is the operative pleading in the case. Indeed, Plaintiff's second amended complaint is based on two incidents that allegedly occurred on July 27, 2018, and September 27, 2019—at Santa Rosa Correctional Institution (SRCI)—in which Plaintiff claims to have been subjected to excessive force and denied adequate medical treatment. Plaintiff names as Defendants three SRCI correctional officials, R. Price, Walker Clemmons, and S. Fillingane (*id*. at 1–2). The instant motion appears to pertain to denials of Plaintiff's requests for protective custody based on alleged threats from corrections officers and inmates and denials of grievances pertaining to same and alleged inadequate laundry service—at Union Correctional Institution. Plaintiff's motion thus is due to be denied because it is unrelated to the matters set forth in the second amended complaint, and the persons from whom Plaintiff seeks injunctive relief are not parties to the underlying action.

Case No.:  3:20cv3650/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Protective Order Civil Right Complaint" (ECF No. 55), which the undersigned construes as a motion for a temporary restraining order, be **DENIED**.

At Pensacola, Florida, this 8<u>th</u> day of October 2021.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**